IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORY SYLVIA
                Plaintiff,

vs.                              Case No. 11-2619-JTM

THE GOODYEAR TIRE AND RUBBER COMPANY,
                Defendant

MEMORANDUM AND ORDER

Goodyear Tire and Rubber Company's Motion for Judgment on the Pleadings (Dkt. No. 10) is before the court. For the following reasons, the court grants the motion.

Cory Sylvia was employed at Goodyear from November 1983, until Goodyear fired him on May 9, 2009. Mr. Sylvia filed an administrative charge with the EEOC, including complaints about his termination. The EEOC issued a right-to-sue letter on March 24, 2011, after determining that the information he submitted did not establish a violation of the Americans with Disabilities Act. Mr. Sylvia initially brought suit against Goodyear in this court on May 5, 2011, alleging among other things, a violation of the ADA. On his own motion, he voluntarily dismissed this action without prejudice on July 27. Mr. Sylvia filed the current action on November 10. In the this motion, Goodyear contends Mr. Sylvia's ADA claim must be dismissed because it is time barred. Mr. Sylvia has also brought claims under the Family Medical Leave Act and the Employee Retirement Income Security Act. These claims are not at issue in this motion.

Under the ADA, a plaintiff must file a civil action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). This 90-day deadline is a condition precedent to filing a civil action and operates much like a statute of limitations. Here, Mr. Sylvia filed his initial

federal suit within the 90-day deadline, but later dismissed the case without prejudice. He filed this case seven months after receiving the right-to-sue letter, well outside the 90-day deadline. The Tenth Circuit has stated that when a case is voluntarily dismissed without prejudice, the dismissal "leaves the parties as though the action had never been brought." *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds by Keeler v. Cereal Food Processors*, 2007 WL 2962384 (10th Cir. 2007). "In an absence of a statute to the contrary, the limitations period is not tolled during the pendency of the dismissed action." *Id.* There is no such statute here. The Kansas savings statute, Kan. Stat. Ann. § 60-518, does not apply in ADA cases and cannot toll the 90-day deadline. *Palenske v. Westar Energy, Inc.*, No. 04-4167, 2005 WL 2455750, at *2 (D. Kan. Oct. 5, 2005); *see also Simons v. Sw. Petro-Chem, Inc.*, 28 F.3d 1029, 1030-31 (10th Cir. 1994) ("[A] Title VII time limit will be tolled only upon a showing of 'active deception' where, for example, the plaintiff has been 'actively misled' or 'lulled into inaction by her past employer, state or federal agencies, or the courts.'") (quoting *Johnson v. United States Postal Servs.*, 861 F.2d 1475, 1480-81 (10th Cir. 1988)). Mr. Sylvia concedes *Brown's* applicability. And there is no evidence of "active deception" here. Therefore, because Mr. Sylvia filed this suit beyond the 90-day limitations period, his ADA claim must be dismissed.

      IT IS ACCORDINGLY ORDERED this 26th day of April 2012, that Goodyear's Motion for Judgment on the Pleadings (Dkt. No. 10) is granted, and Mr. Sylvia's ADA claim is dismissed.

                                    s/J. Thomas Marten
                                    J. THOMAS MARTEN, JUDGE